UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JACKIE WAYNE STONE**                                                                              **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:22-CV-P111-GNS**

**SAMUEL TODD SPALDING** *et al*.                                              **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Jackie Wayne Stone is a convicted prisoner incarcerated at the Larue County Detention Center (LCDC). He names the following as Defendants in this action – Judge Samuel Todd Spalding, Kentucky Attorney General Daniel Cameron; and Kentucky Governor Andy Beshear. Plaintiff sues Defendants in both their official and individual capacities.

The complaint appears to pertain to a state-court criminal action proceeding against Plaintiff over which Judge Spalding presided in Taylor Circuit Court – *Commonwealth v. Stone*, No. 21-CR-00247-001.[1]

Plaintiff makes the following allegations:

[] Dawn Lynn McCauley married Spalding she represented in court tried to solistate one of her clints to assault me in front of the balief, clerk leaving the court room I gave the Judge a notorize statement with my signature and the clint she tried to solistate to assault me.

---

[1] The KYeCourts CourtNet 2.0 system (CourtNet), *see* https://kcoj.kycourts.net/kyecourts, shows that Plaintiff entered a guilty plea in this action on March 15, 2022. *See* Taylor Circuit Court, No. 21-cr-00247-001. Courts may take judicial notice of public records. *See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

[] I told the Judge I wanted to press charges in the courtroom.

[] Sheriff Brent Burkhead committed perjury by give a flase testimony under oth, he lied in open court and the Judge was told that was not the statement on the arrest citation. . . .

[] Also stated in court Officer Brent Burkhead broke policy and procedure by braking the chain of evidence by releasing evidence . . . without running the vin no. of the trailor no asking for bill of sale, title, or proof of ownership, nor was it taken into evidence . . . .

[] Also stated in court Officer Burkhead did not do a investigation about Kenny Scott saying I can use the hauling trailor . . . .

[] Also said in court I was arrested for totle stolen value $5.00 this is not a felony . . . .

[] I notified Judge Spalding I wanted a change of vinue because my due process and my constitutional rights are being violated and I was being abused by the courts . . . . My due process and my constitutional rights was violated and Judge Spalding allowed by due process and constitutional rights to be violated willingly and knowingly, allow this to take place because his emotional and physical relationship with the prosecutor . . . . He swar to uphold any and all constitutional rights . . . .

As to the other Defendants, Plaintiff writes, "All persons named in this suite is the chaine of command and are accountable because they are to insure such abuse does not take place."

As relief, Plaintiff seeks damages and injunctive relief in the form of "release from illegal detention."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Injunctive Relief

As stated above, Plaintiff requests injunctive relief in the form of "release from illegal detention." "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, because Plaintiff can only obtain the injunctive relief he seeks in a habeas action, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### B. Damages

#### 1. Official-Capacity Claims

Plaintiff's official-capacity claims against all three Defendants fail for two reasons. First, when state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). Thus, Plaintiff's official-capacity claims against Defendants for damages must be

4

dismissed for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from suit.

### 2. Individual-Capacity Claims

#### a. Defendant Spalding

Plaintiff's individual-capacity claim against Defendant Spalding fails because judges are entitled to absolute immunity from suits for damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Because the complaint pertains only to actions taken by Judge Spalding in his judicial capacity and within his jurisdictional authority, the individual-capacity claim against Judge Spalding is barred by judicial immunity.

#### b. Defendants Cameron and Beshear

As to Plaintiff's individual-capacity claims against Defendants Cameron and Beshear, even if either were Defendant Spalding's supervisor or were otherwise responsible for his actions as Plaintiff alleges, Plaintiff's claim against these Defendants still fail. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy*

5

*v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, because the complaint contains no allegations that Defendant Cameron or Defendant Beshear was actively involved in the alleged violation of Plaintiff's constitutional rights, and the claims against them are based solely on their "supervisory role" as Kentucky's Attorney General and Governor, respectively, Plaintiff's individual-capacity claims against them fail to state a claim upon which relief may be granted.

### C. *Heck v. Humphrey*

If Plaintiff's complaint was not subject to dismissal for all of the above reasons, it would nonetheless be barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its

duration."). Plaintiff's claim that his constitutional rights were violated during his criminal trial implies the invalidity of his conviction. This action is therefore barred by *Heck*.

### D. *Rooker-Feldman*

Finally, to the extent that that Plaintiff's complaint constitutes an appeal of his state-court criminal proceeding, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil Co. v. Texaco*, 481 U.S. 1, 25 (1987)), *amended on other grounds* 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16. Thus, this Court lacks jurisdiction to consider Plaintiff's complaint to the extent that Plaintiff is seeking to be relieved of the consequences of his state proceedings.

### IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: October 7, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4416.011